# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESKA PRODUCE, INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO PRODUCE, INC., et al.,<br><br>Defendants. | Case No.: 3:18-CV-1205 W (BLM)<br><br>**ORDER (1) GRANTING MOTION FOR DEFAULT JUDGMENT [DOC. 13] AND (2) FOR ENTRY OF JUDGMENT** |

Pending before the Court is Plaintiff Freska Produce International, LLC's motion for default judgment against Defendants Alejandro Produce, Inc., Alejandro Silva, Maria Refugio Luna Ibarra, and Alejandro's Taco Shop. The Court decides the matter on the papers submitted without oral argument. See Civil Local Rule 7.1(d.1).

For the reasons outlined below, the Court **GRANTS** the motion [Doc. 13] and **ORDERS** entry of judgment as set forth below.

//

//

1

## I. BACKGROUND

The following factual allegations are taken from the Complaint [Doc. 1] and declarations filed in support of the motion.

On July 27, 2017, Plaintiff Freska Produce International, LLC ("Freska") sold $22,800.00 in avocados to Defendant Alejandro Produce, Inc. pursuant to an oral agreement regarding quantities and price. (*Compl.* ¶¶ 6, 13.) The avocados were from Mexico. (*Id.* ¶ 22.) Freska sent an invoice to Alejandro Produce for the avocados. (*Id.* ¶ 8.) The invoice included a provision for payment of attorneys' fees, costs and pre-judgment interest at a rate of 18% per annum in the event of default. (*Compl.* ¶ 9; *Clevenger Decl.* [Doc. 13-1] ¶ 16 and Ex. A at p. 1 of 5.) The invoice also included a statement preserving Freska's rights as a trust beneficiary of Alejandro Produce under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§ 499a-t. (*Compl.* ¶ 23; *Clevenger Decl.* ¶ 12 and Ex. A at p. 1 of 5.)

At the time of the sale, Freska was licensed by the United States Department of Agriculture ("USDA") to engage in the business of buying and selling quantities of perishable agricultural commodities (i.e., produce) in interstate commerce. (*Id.* ¶ 18.) Alejandro Produce was also licensed by the USDA to engage in the business of buying and selling wholesale quantities of produce in interstate commerce. (*Id.* ¶ 19.) Defendants Alejandro Silva and Maria Refugio Luna Ibarra were officers, directors, principals, or employees of Alejandro Produce, and Silva was also listed as a "principal" on Alejandro Produce's PACA license. (*Id.* ¶ 38.) Silva and Ibarra are also partners of Defendant Alejandro's Taco Shop (*id.* ¶ 64), to which Alejandro Produce transferred certain PACA Trust Assets (*id.* ¶ 63).

Despite Freska's repeated demands, Alejandro Produce failed to pay the invoice for the avocados. (*Id.* ¶ 11.) Accordingly, on June 8, 2018, Freska filed this lawsuit. The Complaint lists the following Counts:

(I)  Breach of Contract against Alejandro Produce;

(II) Declaratory Relief Validating PACA Trust Claim against all Defendants;

2

(III) Enforcement of Payment from PACA Trust Assets against Alejandro Produce;

(IV) Failure to Maintain PACA Trust Assets and Creation of Common Fund against Alejandro Produce;

(V) Breach of Fiduciary Duty against Defendants Silva and Ibarra;

(VII) Conversion and Unlawful Receipt of PACA Trust Assets against Silva and Ibarra; and

(VIII) Unlawful Receipt of PACA Trust Assets against Alejandro Taco Shop.

(*See Compl.*[1])

On July 8, 2018, Freska served Ibarra with the Complaint. (*Summons* [Doc. 7.]) On August 6, 2018, Freska served Silva, Alejandro Produce, and Alejandro's Taco Shop. (*Summonses* [Docs. 4–6].) Defendants failed to answer or otherwise respond to the Complaint, and on September 11, 2018, Freska filed a Request for Entry of Clerk Default as to each Defendant. (*Req. for Entry of Default* [Doc. 8].) On September 12, 2018, a default was entered as to each Defendant. (*Clerk's Entries of Default* [Docs. 9–12].) This motion for default judgment followed.

## II.   STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the court for default judgment. See Fed. R. Civ. P. 55(b)(2). Default judgment is available as long as the plaintiff establishes (1) defendant has been served with the summons and complaint and default was entered for their failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared

---

[1] The Complaint purports to assert eight counts, but in fact only asserts seven. There is no count six. Count five begins at paragraph 37 and ends at paragraph 50. (*Compl.* ¶¶ 37–50.) Count seven then begins at paragraph 51. (*Id.* ¶ 51.)

3

in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. See, e.g., 50 U.S.C. § 521; Fed. R. Civ. P. 55; Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Entry of default judgment is within the trial court's discretion. See Taylor Made Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.) (citing Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956)). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. E.g., Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). Where the amount of damages claimed is a liquidated sum or capable of mathematical calculation, the court may enter a default judgment without a hearing. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981). When it is necessary for the plaintiff to prove unliquidated or punitive damages, the court may require plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full evidentiary hearing. Transportes Aereos De Angola v. Jet Traders Invest. Corp., 624 F.Supp. 264, 266 (D. Del. 1985).

### III. DISCUSSION

#### A. Availability of Default Judgment.

As set forth above, Defendants have been served with the summons and complaint, and default has been entered against them. (*See summonses* [Docs. 4–6]; *Clerk's Entries*

4

*of Default* [Docs. 9–12].) Additionally, there is no indication that any of the Defendants are minors, incompetent persons, or that they are in military service or otherwise subject to the Soldiers and Sailors Relief Act of 1940. (*See Meuers Decl.* [Doc. 13-2] 9–11.) Accordingly, default judgment is available to Freska.

### B. *Eitel* Factors

Weighing the Eitel factors, the Court finds that default judgment is appropriate. If the Court denied default judgment, Freska would likely be left without recourse against Defendants. As discussed below, Freska's allegations sufficiently plead the seven counts asserted in the Complaint, and there is no apparent reason to doubt the merits of Freska's substantive claims. Additionally, Defendants have made no showing that their failure to respond to the lawsuit was due to excusable neglect, nor is there any apparent possibility of a dispute concerning the material facts. Because the factors weigh in Freska's favor, the Court, while recognizing the public policy favoring decisions on the merits, will grant default judgment.

#### 1. **Merits of Freska's claims**

##### *(a) Breach of contract against Alejandro Produce.*

Freska's first count is for breach of contract. To prevail on this count, Freska must establish (1) the existence of the contract, (2) Freska's performance under the contract, (3) Alejandro Produce's breach, and (4) the resulting damages from the breach. Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

Based on the factual allegations discussed in Section I of this order, the Complaint clearly alleges the existence of a contract for the sale of avocados, Freska's performance, and Alejandro Produce's breach of the agreement. (*See also Compl.* ¶¶ 6, 13–12, 31, 32, 35.) Accordingly, the Court finds Freska is entitled to default judgment as to the first count.

5

### (b) Declaratory relief validating PACA trust claim against Alejandro Produce.

In order to become a perfected PACA trust beneficiary, Freska must establish:

(1) Freska sold "perishable agricultural commodities" to Alejandro Produce;

(2) Alejandro Produce qualifies as a dealer;

(3) Freska provided Alejandro Produce with written notice of its intent to preserve its rights under PACA within 30 days after payment became due;

(4) The transaction occurred in contemplation of interstate or foreign commerce; and

(5) Alejandro Produce failed to maintain sufficient assets subject to the PACA trust.

Weeks v. Fresh–Pic Produce Co., Inc., 2012 WL 1815648, at *1 (S.D.Cal. May 17, 2012); In re Country Harvest Buffet Restaurants, Inc., 245 B.R. 650, 653 (9th Cir. BAP 2000) (identifying first three elements to become a perfected PACA trust beneficiary).

Here, the avocados sold qualify as perishable agricultural commodities. See 7 U.S.C. § 499a(b)(4). Next, Alejandro Produce qualified as dealer (*see Clevenger Dec.* Ex. B) and, within 30 days after payment became due, Freska provided Alejandro Produce with notice of Freska's intent to preserve its PAGA rights (*see Id.* Ex. A at p. 1 of 5). Additionally, the avocados were a product of Mexico and, therefore, the transaction occurred in contemplation of foreign commerce. (*Compl.* ¶ 22.) Finally, Alejandro Produce failed to maintain sufficient assets. (*Id.* ¶ 24.) Based on these facts, Freska qualifies as a perfected PACA trust beneficiary.

### (c) Breach of fiduciary duty against Silva and Ibarra.

Freska seeks judgment against Silva and Ibarra for breach of fiduciary duty as PACA trustees. "An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act…. [A] PACA trust in effect imposes liability on a

6

3:18-CV-1205 W (BLM)

trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repaying of the supplier." Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) (quoting Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F. Supp. 346, 348 (S.D.N.Y. 1993)) (ellipsis and bracket in original).

The Complaint sufficiently alleges Silva and Ibarra were in a position of control of the trust assets and failed to preserve them for Freska. (*Compl.* ¶¶ 38–47.) Accordingly, Silva and Ibarra, individually, are jointly and severally liable to Freska for the judgment entered below.

### (d) *Unlawful receipt of PACA trust assets against Alejandro Taco Shop.*

Freska's is suing Alejandro Taco Shop for unlawful receipt of PACA trust assets.

PACA creates a statutory trust for unpaid sellers of perishable agricultural commodities and provides that all such commodities, as well as accounts receivable from the sale of such commodities, "shall be held... in trust for the benefit of all unpaid suppliers or sellers of such commodities... until full payment... has been received...." 7 U.S.C § 499e(c)(2); Jacobs Silver K Farms, Inc. v. Taylor Produce, LLC, 2016 WL 7325468, at *4 (D. Idaho Dec. 15, 2016). When a PACA trustee transfers assets to a third party instead of using the assets to pay its PACA creditors, the third party may be required to "disgorge those assets to the extent necessary to satisfy claims of PACA trust beneficiaries." Id. (citing Endico Potatoes, Inc. v. CIT Group Factoring, Inc., 67 F.3d 1063, 1069 (2nd Cir. 1995)).

Here, the Complaint alleges that Alejandro Produce transferred PACA trust assets to Alejandro's Taco Shop that belonged to Freska. (*Compl.* ¶¶ 63, 65.) At the time, Freska remained unpaid for the sale of the avocados to Alejandro Produce. (*Id.* ¶¶ 62, 66.) Additionally, Silva and Ibarra were partners of Alejandro's Taco Shop, which therefore had actual or constructive knowledge of Freska's PACA trust rights to the assets. (*Id.* ¶¶ 64, 69.) Based on these facts, Alejandro's Taco Shop is liable to Freska in

the amount of $22,800.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

### 2. Requested Relief

The sole remaining issue is the amount of the judgment. Freska seeks $22,800.00 in damages, plus interest accruing at the rate of 18% per year on the unpaid balance, and attorneys' fees and costs. Freska's claim for damages and interest are supported by the evidence. (*See Clevenger Decl.* Ex. A at p. 1 of 5.) Freska also seeks $6,177 in attorneys' fees and $800.31. (*P&A* [Doc. 13] 11:1–3.) Based on the Declaration of Lawrence H. Meuer [Doc. 13-2], the Court finds these attorneys' fees and costs reasonable.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Plaintiff Freska Produce International, LLC's motion for default judgment [Doc. 13] against Defendants Alejandro Produce, Inc., Alejandro Silva, Maria Refugio Luna Ibarra, and Alejandro's Taco Shop, and **ORDERS, ADJUDGES** and **DECREES** as follows:

1. Plaintiff Freska Produce, International, LLC holds a valid trust claim under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) against Defendant Alejandro Produce, Inc. in the total amount of $35,646.31.
2. Judgment is entered in favor of Freska Produce, International, LLC, and against Alejandro Produce, Inc.; Alejandro Silva; Maria Refugio Luna Ibarra; and Alejandro's Taco Shop, jointly and severally, in the unpaid principal amount of $22,800.00, plus taxable costs of $800.31, pre-judgment interest of $5,869.00, and attorneys' fees of $6,177.00, for a total judgment of $35,646.31, plus post judgment interest at the rate set forth by 28 USC §1961, all of which qualifies for protection under Perishable Agricultural

Commodities Act, 7 U.S.C. § 499e(c), until satisfied, for which let execution issue.

**IT IS SO ORDERED.**

Dated: January 10, 2019

_____
Hon. Thomas J. Whelan
United States District Judge